UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH A. BRYANT, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-cv-0458 |
| ) | |
| MT DEVELOPMENT COMPANY, and ) | Judge Thomas A. Wiseman, Jr. |
| RENEGADE, INC., d/b/a SKINNY'S DINER, ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Keith A. Bryant filed this action against MT Development Company ("MTDC") and Renegade, Inc. ("Renegade") (collectively "Defendants") alleging breach of contract, promissory estoppel, partial performance, constructive fraud, and negligent misrepresentation. At a show-cause hearing held on November 13, 2006, the Court granted Plaintiff's motion to enter a default judgment against MTDC but deferred the issue of damages until the trial date of July 24, 2007. (*See* Doc. No. 24). Because counsel for Renegade made an appearance at the show-cause hearing, the Court denied the Plaintiff's motion for default judgment as to Renegade at that time.

Plaintiff has now filed his third motion for default judgment against Renegade (Doc. No. 30), this time on the basis that Renegade's counsel's second motion to withdraw was granted on June 15, 2007; Renegade was given twenty days in which to have new counsel enter an appearance but to date no Notice of Appearance has been filed on behalf of Renegade. The Court granted Plaintiff's motion for default as to Renegade and the hearing on the issue of damages was held on July 24, 2007, at which time the Court expressed doubt as to the appropriateness of the amount of damages sought by the Plaintiff as set forth in his Affidavit filed in advance of the hearing (Doc. No. 33). At the hearing, the Court directed Plaintiff to file a supplemental affidavit and additional legal support for the damages sought, and took the matter under advisement. Plaintiff's counsel has now filed Memorandum of Law (Doc. No. 38) on the issue of damages as well as a supplemental Affidavit (Doc. No. 39). Plaintiff seeks a total of $72,162 in compensatory damages, plus punitive damages in the amount of $144,324.

Having considered the issues and the entire file on this matter, as explained below, the Court will enter default judgment in Plaintiff's favor as against all Defendants, and award damages for breach of

contract in the amount of $14,940.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff alleges the following in his complaint: Mark Kimber, the President and CEO of Renegade, a wholly-owned subsidiary of MTDC, hired Plaintiff to be the Director of Training for Skinny's Diner, a chain of restaurants that Renegade owned. The terms of Plaintiff's employment agreement are set forth in an e-mail that Mr. Kimber sent Plaintiff on July 8, 2005 (Doc. No. 1-2). According to that e-mail, Plaintiff's initial base salary was to be $50,000 per year with the possibility of later adding a bonus plan; a car allowance of $5200 per year; 50% assistance with medical and dental insurance; and two weeks' vacation. With respect to relocation assistance, the e-mail stated, "trip expenses is pretty probable. Moving Company expenses is more than likely not an option at this time." (Doc. No. 1-2.) Plaintiff asserts that he accepted the employment offer as outlined in Mr. Kimber's e-mail, with only one modification that is not relevant here.

Relying on the employment agreement, Plaintiff moved from Massachusetts to Tennessee so that he could be closer to the training center that Renegade was planning to build in Nashville. In his recently submitted Affidavit, he claims he incurred $14,700 in moving expenses, including $2600 in "house hunting expense[s]," $2700 in moving costs; $4900 to ship personal goods to Tennessee; and $4500 in closing costs. (*See* Doc. No. 39, at 2.) Plaintiff asserts Defendants agreed to reimburse him for these expenses but failed to do so.

Plaintiff did not work for Renegade for long. Citing financial difficulties, Renegade terminated Plaintiff's employment agreement a few months after he moved. Plaintiff subsequently filed his complaint against Defendants seeking compensatory and punitive damages under the theories of breach of contract, promissory estoppel, partial performance, constructive fraud, and/or negligent misrepresentation. Plaintiff seeks compensatory damages for his moving expenses, his entire first year salary, his anticipated bonus for the first year, and travel expenses related to a business trip to Denver for a meeting on behalf of the Defendants, as well as or the cost of the services of a career specialist and job

search expenses.[1]  In addition to his moving expenses, Plaintiff seeks compensatory damages of $57,462.  He contends that he is entitled to punitive damages based upon his allegations of fraud.

The issue before the Court is whether Plaintiff is entitled to damages under any of these theories and, if so, in what amount.

### III.  DISCUSSION

Because Defendants have defaulted, the Court must take Plaintiff's well-pleaded factual allegations as true.  *Hewlett-Packard Co. v. Capital City Micro, Inc.*, No. 3-04-0779, 2006 WL 2503623, at *2 (M.D. Tenn. Aug. 28, 2006).  However, we still must determine whether Plaintiff's well-pleaded factual allegations establish a valid cause of action.  *See Thomson v. Wooster*, 114 U.S. 104, 113 (1885) (noting that a default judgment "is not a decree as of course according to the prayer of the bill, nor merely such as the complainant chooses to take it; but that it is made (or should be made) by the court, according to what is proper to be decreed upon the statements of the bill assumed to be true.").  As explained below, Plaintiff's well-pleaded allegations establish a cause of action for breach of contract, but they do not establish a cause of action for partial performance, promissory estoppel, constructive fraud, or negligent misrepresentation, nor is Plaintiff entitled to punitive damages.

#### A.     **Breach of Contract**

Plaintiff alleges (1) that the employment agreement provided Plaintiff with moving expenses, (2) that he incurred $14,700 in expenses associated with moving, and (3) that Defendants did not pay his moving expenses.  Because Defendants have offered no contrary testimony, the Court finds that Plaintiff has established that Defendants breached their agreement to pay these expenses.  Accordingly, Plaintiff is entitled to $14,700 in damages.

Plaintiff claims that he incurred expenses in the amount of $240 for attending a work-related meeting in Denver for which he was not reimbursed as he should have been.  Plaintiff is entitled to recuperate that amount.

Plaintiff also alleges that Renegade's termination of his employment agreement was a breach of contract.  He is wrong.  Tennessee is an "at-will" employment state.  *Harney v. Meadowbrook Nursing*

---

[1] In his first affidavit, Plaintiff sought five years worth of salary and bonuses, salary and tuition benefits for his wife, and other similar expenses.  (See Doc. No. 33-2.)  These items were deleted from Plaintiff's counsel's most recent submission.

*Ctr.*, 784 S.W.2d 921, 922 (Tenn. 1990); *Davis v. Conn. Gen. Life Ins. Co.*, 743 F. Supp. 1273, 1280 (M.D. Tenn. 1990). Thus, Renegade's termination of Plaintiff's employment agreement is a breach of contract only if the contract sets forth a definite term of employment. *Id.* Plaintiff's employment contract does not do so. (Doc. No. 1-2.) Thus, Plaintiff was an at-will employee, and Renegade had the right to terminate his employment at any time for any reason or for no reason at all. *Id.* Consequently, Plaintiff is not entitled to damages in the form of any salary that he claims should have accrued to him after the date his employment was terminated. Similarly, expenses associated with finding a new job would not be recoverable. Finally, neither the complaint nor Plaintiff's affidavit provides support for any obligation on the part of Defendants to pay a bonus. That claim fails as well.

Plaintiff is therefore entitled to damages for breach of contract totaling $14,940.

**B.     Promissory Estoppel**

Plaintiff's allegations fail to establish a promissory estoppel claim. Tennessee law does not allow promissory estoppel claims for breach of at-will employment agreements because doing so would undermine the employment at-will doctrine. *Chavez v. Broadway Elec. Serv. Corp.*, No. E2006-02429-COA-R3-CV, 2007 WL 1836888, at *9 (Tenn. Ct. App. June 27, 2007); *Coker v. Carrier Corp., Inc.*, No. 4:05-CV-51, 2006 WL 1491247, at *4 (E.D. Tenn. May 24, 2006). As explained above, Plaintiff's employment was at-will; thus, under Tennessee law, he cannot maintain a promissory estoppel claim for his termination. *Id.*

**C.     Partial Performance**

Plaintiff's allegations also fail to establish a partial performance claim. Under the doctrine of partial performance, a party to a contract may recover the value of uncompensated benefits conferred onto the other party. *Nat'l Life & Acc. Ins. Co. v. Hamilton*, 98 S.W.2d 107 (Tenn. 1936). Plaintiff alleges that he conferred benefits upon Defendants when he worked for them. However, he does not allege that Defendants failed to compensate him for his work (other than by failing to reimburse him for expenses associated with the trip to Denver, which are covered under breach of contract damages). Thus, he is not entitled to recover damages from Defendants under a claim of partial performance.

**D.     Constructive Fraud**

Even assuming that Plaintiff's claim of constructive fraud is stated with sufficient particularity,

which is doubtful,[2] his allegations fail to establish such a claim. The elements of constructive fraud are (1) a misrepresentation of a material fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) the requirement that the misrepresentation involve a past or existing fact.[3]

Plaintiff's allegations do not establish the last element. Although Plaintiff does not state so, his claim is presumably based on Renegade's representations about the future security of Plaintiff's job. Such representations cannot support a constructive fraud claim because they are about future as opposed to past or existing facts. Because Plaintiff has failed to state a claim for fraud, his claim for punitive damages is not viable either.

### E. Negligent Misrepresentation

For the same reason, Plaintiff's allegations fail to establish a negligent misrepresentation claim. Like a claim for constructive fraud, negligent misrepresentation involves communicating false information about present or past events as opposed to future events. *McElroy v. Boise Cascade Corp.*, 632 S.W.2d 127, 130 (Tenn. Ct. App. 1982). Again, although Plaintiff does not state so, his claim is presumably based on Renegade's representations about the future security of Plaintiff's job. Such representations cannot support a claim for negligent misrepresentation because they are about future events. *Id.*

### IV. CONCLUSION

For the reasons set forth above, the Court will enter default judgment in favor of the Plaintiff on his cause of action for breach of contract and will award the Plaintiff damages in the amount of $14,940.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge

---

[2] In a claim for fraud, the circumstances constituting fraud must be stated with particularity. Fed. R. Civ. P. 9(b). Plaintiff has not indicated what statements made by the Defendants were fraudulent.

[3] Constructive fraud is essentially fraud without the element of intent, *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32 (Tenn. Ct. App. 2006), and the elements of fraud are (1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) the requirement that the misrepresentation involve a past or existing fact. *Healthcare Mgmt. Res., LLC v. Carter*, No. M2006-00058-COA-R3-CV, 2007 WL 173907, at *4 (Tenn. Ct. App. Jan. 23, 2007).